IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | No. 3:12-CR-054-L |
| CYPRIAN AKAMNONU (4) | § | |

## FACTUAL RESUME

In support of the defendant's plea of guilty to the offense in Count One of the Indictment charging a violation of 18 U.S.C. § 1349, that is, Conspiracy to Commit Health Care Fraud, Cyprian Akamnonu, and his counsel, Patricia Egwuatu, stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

In order to prove a violation of 18 U.S.C. § 1349 as alleged in the Indictment, the government must prove each of the following elements beyond a reasonable doubt:

*First*: That the defendant and at least one other person made an agreement to commit the crime of Health Care Fraud as charged in the indictment;

*Second*: That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose.

## STIPULATED FACTS

The stipulated facts that support the defendant's plea of guilty to Count One of the Indictment are as follows:

Factual Resume - Page 1

1.   From in or around January 2006 through November 2011, in the Dallas Division of the Northern District of Texas, and elsewhere, the defendant Cyprian Akamnonu ("Cy Akamnonu") did knowingly and willfully combine conspire, confederate and agree with co-defendant Jacques Roy, M.D. ("Roy"), Teri Sivils ("Sivils") and others known and unknown, to commit the offense of Health Care Fraud, that is, to execute a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by and under the custody and control of said health care program, in connection with the delivery of and payment for health care benefits, items and services.

2.   Cy Akamnonu co-owned Ultimate Care Home Health Services, Inc. ("Ultimate") and controlled the day to day operations of the company. Cy Akamnonu maintained a valid Medicare group provider number for Ultimate in order to submit Medicare claims for home health services that were medically unnecessary or that were not provided to Medicare beneficiaries.

3.   Cy Akamnonu's wife and business partner, co-defendant Patricia Akamnonu, R.N. ("Pat Akamnonu") and others, at Cy Akamnonu's direction, would recruit Medicare beneficiaries to Ultimate to receive home health services for which they did not qualify and did not need. Pat Akamnonu and others would approach people throughout neighborhoods in Dallas to see if they were qualified Medicare beneficiaries

Factual Resume - Page 2

and, if so, attempt to sign them up for home health services with Ultimate.

4. Once the Medicare beneficiary was recruited, Cy Akamnonu would bring paperwork to Sivils and other employees of Medistat Group Associates, P.A. ("Medistat") to be signed on behalf of Roy. Sivils and others would sign on behalf of Roy, at his direction, and thereby certify that the Medicare beneficiary was under Roy's care, homebound and in need of skilled nursing services. This certification allowed Ultimate to bill Medicare for skilled nursing services.

5. Once Roy certified the recruited beneficiaries for skilled nursing services, Ultimate nurses, at Cy Akamnonu's direction, would perform cursory visits to the beneficiaries in their homes that bore little relationship to the skilled nursing services for which the beneficiaries had been certified. Ultimate would then bill Medicare, at Cy Akamnonu's direction, for skilled nursing services that were not necessary in the first place and were never in fact provided.

6. Cy Akamnonu brought the paperwork to Roy because he and Roy had a fraudulent arrangement whereby Ultimate provided Roy with beneficiaries to bolster Medistat's patient roster in exchange for Roy's certification for skilled nursing services of any beneficiary sent to him.

7. In addition, Sivils personally signed Ultimate's paperwork on behalf of Roy because Cy Akamnonu paid her cash in exchange for doing so.

8. Over the course of a five-year period, from January 2006 through November

2011, over 78% of Ultimate's beneficiaries were certified by Roy or another Medistat physician acting at his direction. Ultimate billed over $43 million to Medicare for skilled nursing services for these beneficiaries. Roy, in turn, incorporated these patients into his own practice and billed over $2.4 million for services related to them.

AGREED TO AND SIGNED this 23 day of August, 2012.

SARAH R. SALDAÑA
UNITED STATES ATTORNEY

_____
CYPRIAN AKAMNONU
Defendant

_____
MICHAEL ELLIOTT
Assistant United States Attorney
New York Bar
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214.659.8600
Facsimile: 214.767.2916
Email: michael.elliott@usdoj.gov

_____
PATRICIA EGWUATU
Attorney for Defendant

_____
MINDY SAUTER
Assistant United States Attorney
Texas Bar No. 24033114
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214.659.8600
Facsimile: 214.767.2916
Email: mindy.sauter@usdoj.gov