# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | § | |
| Plaintiff, | § § § | |
| v. | § § | Criminal Action No. **3:12-CR-054-04-L** |
| **CYPRIAN AKAMNONU**, | § § § | |
| Defendant, | § § | |
| and | § § | |
| **COLLEGE CHOICE ADVISOR 529 PLAN**, | § § § | |
| Garnishee. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the court are Defendant's *pro se* Motion to Dissolve Writ of Garnishment (Doc. 621), filed December 22, 2015; Request for Court to Take Judicial Notice of Relevant Facts (Doc. 622), filed December 22, 2015; Application for A Writ of Habeas Corpus ad Testificandum (Doc. 627), filed January 5, 2016; and Motion Seeking an Amicable Resolution of the Garnishment Proceedings (Doc. 628), filed January 5, 2016. The United States filed its Response to Defendant's Motion to Dissolve Writ of Garnishment and Request for Court to Take Judicial Notice of Relevant Facts on January 5, 2016, and its Response to Defendant's Application for A Writ of Habeas Corpus ad Testificandum and Motion Seeking an Amicable Resolution of the Garnishment Proceedings on January 19, 2016. For the reasons stated herein, the court **denies** Defendant's Motion to Dissolve Writ of Garnishment; Request for Court to Take Judicial Notice of Relevant Facts; and Motion Seeking an Amicable Resolution of the Garnishment Proceedings, and **denies as moot** Defendant's Application for A Writ of Habeas Corpus ad Testificandum.

**Memorandum Opinion and Order - Page 1**

## I. Factual and Procedural Background

On September 5, 2013, Defendant Cyprian Akamnonu ("Defendant") was sentenced to a term of 120 months imprisonment on Count One of the Superseding Indictment, Conspiracy to Commit Healthcare Fraud in violation of 18 U.S.C. § 1349, after he pleaded guilty on February 23, 2012. The court's judgment included a restitution order in the amount of $25,466,779.67. On October 16, 2015, the United States filed its *ex parte* application for writ of garnishment to Garnishee College Choice Advisor 529 Plan ("Garnishee") for property belonging to Defendant, and on October 21, 2015, the application was granted. Garnishee holds four 529 accounts (the "529 College Plans") belonging to Defendant. On December 21, 2015, the United States filed its Final Order of Garnishment for the property.

## II. Defendant's Motion to Dissolve Writ of Garnishment and Request for Court to Take Judicial Notice of Relevant Facts

In his motion, Defendant contends that the writ of garnishment should be dissolved because the United States did not timely serve him. Defendant states that he was not served with the writ of garnishment until November 9, 2015, when prison officials handed him the documents, despite the October 29, 2015 postmark. Defendant contends that this was patently untimely. Defendant relies of the Rule 663a of the Texas Rule of Civil Procedure to support his assertion. Defendant argues that garnishments are governed by the procedure of the state in which the court is located; and, therefore, the Texas Rules of Civil Procedure apply.

Defendant also requests that the court consider a number of facts before permitting the United States to garnish the 529 College Plans. Defendant first states that he did not receive the writ until November 9, 2015. He states that he did not receive a demand letter for his restitution payments; and, therefore, the United States failed to comply with 28 U.S.C. § 3205(b)(1)(B). Defendant also asks the court to consider that he was confused by the filing directions and

applicable response deadlines. Defendant states that he mailed a letter requesting assistance to the attorney of his wife, codefendant Patricia Akamnuno, but the attorney never responded. Defendant also asks the court to consider that the subject of the garnishment, the College 529 Plans, contain funds that Defendant started saving before the commencement of any alleged criminal activity for his children's college tuition.

The United States responds to the contentions in Defendant's Motion to Dissolve the Writ of Garnishment and Request for Court to Take Judicial Notice of the Relevant Facts in a single document. The Government states that a demand letter was sent to Defendant through his previous counsel, Okey Akpom ("Akpom"), on December 17, 2013. The Government attached a copy of the demand letter to its appendix to the response. The Government contends that Defendant had sufficient notice of his debt. The Government further contends that Defendant was timely served. The Government argues that Defendant's reliance on the Texas Rules of Civil Procedure is incorrect because it is enforcing the garnishment pursuant to the Federal Debt Collections Procedures Act ("FDCPA"), 28 U.S.C. § 3001 *et seq.*

The Government further contends that Defendant did not timely respond. The Government states that he had twenty days from the day of receipt to request a hearing and move to quash the writ of garnishment. It argues that if Defendant received the garnishment documents on November 9, 2015, his deadline to respond was November 30, 2015. Although his response was filed on December 22, 2015, the certificate of service clearly shows that Defendant did not sign and place his response in the mail until December 14, 2015. The Government further contends that because it is enforcing a restitution order and not a foreclosure order, the United States need only establish that Defendant has a property interest in the funds it seeks to garnish. According to the

Government, it is of no consequence that Defendant began saving the money prior to his criminal activity.

Section 3202(d) of the FDCPA provides that the judgment debtor may move to quash the order within twenty days of receiving notice of the garnishment. Defendant states that he received the application for the writ of garnishment on November 9, 2015; therefore, his deadline to respond was November 30, 2015. Defendant filed his motion to dissolve and request for the court to take judicial notice of certain facts on December 14, 2015, two weeks after the applicable deadline. Accordingly, Defendant's motion to quash the writ of garnishment and request to take judicial notice of certain facts were not timely filed. Further, Defendant's motions do not set forth any applicable exemptions to the writ of garnishment as set forth in 26 U.S.C. § 6334. Defendant requests that the court consider that the funds that are the subject of the garnishment are for his children's college education and are not proceeds of his illegal conduct. Neither of these considerations are legal exemptions to the writ of garnishment. Accordingly, Defendant's Motion to Dissolve Writ of Garnishment and Request for Court to Take Judicial Notice of Relevant Facts will be **denied**.

### III. Defendant's Application for A Writ of Habeas Corpus ad Testicandum and Motion Seeking an Amicable Resolution of the Garnishment Proceedings

In his motion, Defendant reiterates that the funds at issue are intended for his children's college education. Defendant also requests a hearing to present testimony regarding his children's plans to attend college and make arranges for a percentage of the funds to be garnished, as opposed to the full amount. In response, the Government contends that Defendant's request for a hearing is untimely. The Government further contends that Defendant failed to set forth a valid basis for a hearing. In reply, Defendant contends that his due process rights have been violated because

Akpom was no longer his attorney when the Government mailed the demand letter to him. The court disagrees.

Pursuant to 28 U.S.C. § 3202(b), a hearing must be requested within twenty days of receipt of the notice. As previously stated, Defendant received the notice of the writ of garnishment on November 9, 2015. His motion seeking amicable resolution, in which he requests a hearing, was filed January 5, 2016, thirty-seven days after the deadline. Accordingly, his request for a hearing was not timely filed. Moreover, Defendant does not set forth a valid ground for conducting a garnishment hearing. The FDCPA provides that issues at a garnishment hearing are limited:

> (1) to the probable validity of any claim or exemption by the judgment debtor;
> (2) to compliance with any statutory requirement for the issuance of the postjudgment remedy granted; and
> (3) if the judgment is by default and only to the extent that the Constitution or another law of the United States provides a right to a hearing on the issue, to—
>     (A) the probable validity of the claim for the debt which is merged in the judgment; and
>     (B) the existence of good for setting aside such judgment.

28 U.S.C. § 3202(d). Defendant requests that the court hear evidence of his children's plans to attend college or to limit the amount of the garnishment; however, neither is a valid basis for a hearing.

Further, Defendant's due process argument, raised in reply to the Government's response, is without merit. Central to due process is notice and the opportunity to be heard. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950). Defendant has repeatedly had both. The restitution amount was announced in open court at the time of his sentencing on September 5, 2013, and the Government has filed several writs of garnishment to satisfy the restitution owed in this case. Defendant only now asserts a due process violation in a last-ditch effort to avoid the garnishment of funds that he contends are intended for his children's college tuition. The

argument, however, is without merit. Accordingly, Defendant's Motion for Amicable Resolution of the Garnishment Proceedings will be **denied**. As the court will deny Defendant's request for a hearing, his Application for A Writ of Habeas Corpus ad Testicandum is moot.

## IV. Conclusion

For the reasons stated herein, the court **denies** Defendant's Motion to Dissolve Writ of Garnishment; Request for Court to Take Judicial Notice of Relevant Facts; and Motion Seeking an Amicable Resolution of the Garnishment Proceedings, and **denies as moot** Defendant's Application for A Writ of Habeas Corpus ad Testificandum.

**It is so ordered** this 30th day of June, 2016.

Sam A. Lindsay
United States District Judge